Van Brunt, P. J.
The plaintiff in this action was injured upon the Brooklyn bridge, and it is claimed that such injury arose from the incompetency of one Hoffman who was a foreman of the gang of men with whom the plaintiff was working.
The cases of Crispin v. Babbitt (81 N. Y., 516), and Neubauer v. New York, Lake Erie and Western R. R. Co., (101 N. Y., 607), seem to hold that Hoffman, although foreman of the gang in which the plaintiff was working, is to be regarded as a fellow workman, and that the plaintiff’s injuries were due to the carelessness of a fellow servant, and that the defendants are not liable in this action unless Hoffman was incompetent for the position he held, and the defendants had not used due care in selecting him for this employment.
The mere fact that an accident has happened or that a man has been careless upon one occasion does not of itself show incompetency; some other additional proof is necessary.
In the case at bar the only evidence which is claimed as showing incompetency is that of a witnes who was a fellow servant of Hoffman, and the plaintiff upon the work, who says: “ I knew Hoffman from the time he came upon the bridge; knew what work he had performed while he was there, and his capacity for doing work.”
He was then asked :
Q. What in your opinion was his efficiency and carefulness as a foreman ? A. I don’t believe he was competent to be a foreman, because there was a little man in his gang that used to take charge of his work.”
The witness did not base his judgment upon what he had seen Hoffman do, or the character of Hoffman’s work, but simply upon what somebody else did.
The witness had been associated with Hoffman for nine months at least, and pretended to know his capacity for doing work, and yet founded his opinion upon a fact which in no way bore upon the competency of Hoffman.
Hoffman had been a sailor all his life; had been second mate and had been employed upon the bridge for some time, and he cannot be assumed to be incompetent without some evidence upon this point.
The mere fact that he had only been a short time employed as foreman, raised no presumption of incompetency. He had to begin at some time to be foreman, and m view of his *728 early life he might well have been entirely competent to act as rigger without any experience upon the bridge at all.
There does not seem therefore to have been any evidence to go to the jury that Hoffman was incompetent, or that the defendants were negligent in employing him, and. the motion for a dismissal of the complaint should have been granted.
The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Macomber, J., concurs.
Bartlett, J.
A determination of the questions raised on this appeal can have no practical result. The appellants were sued as a corporate body, and by the answer admitted their incorporation. Since this answer was served, however, the court of .appeals has decided that these trustees do not constitute a corporation. Walsh v. Trustees of N. Y. and Brooklyn Bridge, 96 N. Y., 427, 438. The admission in the plea will not serve to render a judgment enforcible herein against the appellants; and hence it is wholly unimportant whether the plaintiff shall retain his judgment in form, or the defendants shall have it set aside. It is worthless to him and harmless to them. The case belongs to that class which appellate tribunals may decline to pass upon, for the reason that no effect can be given to the decision. People ex rel. Geer v Com. Council of Troy, 82 N. Y , 575.
I am therefore in favor of dismissing the appeal without costs.